**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 17-4106

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RANDY DAVID MAKELL, a/k/a Burger,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:15-cr-00594-PX-1)

Submitted:  April 30, 2018                     Decided:  May 8, 2018

Before GREGORY, Chief Judge, and AGEE and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Joanna Silver, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Matthew J. Maddox, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy David Makell pleaded guilty to possession with intent to distribute phencyclidine, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012), but reserved his right to appeal the district court's denial of his motion to suppress the evidence seized from his apartment. On appeal, Makell argues that the use of a drug-detecting dog constituted an illegal warrantless search. Finding no error, we affirm.

We "review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). "When a suppression motion has been denied, this Court reviews the evidence in the light most favorable to the government." *Id.*

Relying on *Florida v. Jardines*, 569 U.S. 1 (2013), Makell argues that law enforcement officers entered the curtilage of his apartment when they approached the threshold and deployed a drug-detecting dog to conduct a sniff of his apartment door. In *Jardines*, the Supreme Court applied the "traditional property-based understanding of the Fourth Amendment," to hold that "using a drug-sniffing dog on a homeowner's porch to investigate the contents of the home is a 'search' within the meaning of the Fourth Amendment." *Id.* at 3, 11. Because "the officers' investigation took place in a constitutionally protected area," that is, the curtilage of the home, and the officers exceeded the scope of the implicit license permitting them to approach the front door, the *Jardines* Court held that the search was unconstitutional. *Id.* at 7.

2

In determining whether an area is curtilage to the home, this court considers "'[1] the proximity of the area claimed to be curtilage to the home, [2] whether the area is included within an enclosure surrounding the home, [3] the nature of the uses to which the area is put, and [4] the steps taken by the resident to protect the area from observation by people passing by.'" *United States v. Jackson*, 728 F.3d 367, 373 (4th Cir. 2013) (quoting *United States v. Dunn*, 480 U.S. 294, 301 (1987)) (alterations in *Jackson*). The "centrally relevant consideration" is "whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *Id.* at 374 (internal quotation marks omitted). Applying these factors, we find that the common hallway of the apartment building, including the area in front of Makell's door, was not within the curtilage of his apartment.

Makell also argues that the dog sniff infringed on his reasonable expectation of privacy. Relying on *Kyllo v. United States*, 533 U.S. 27, 40 (2001) (holding that Government's use of device not in general-public use, such as thermal imaging, to explore aspects of home not previously knowable without physical entry surveillance constitutes search), Makell asserts that the police violated his right to privacy when they used a trained narcotics dog to ascertain the contents of his apartment.

The Fourth Amendment is not implicated when Government action does not "compromise any legitimate interest in privacy." *Illinois v. Caballes*, 543 U.S. 405, 408 (2005). Because "any interest in possessing contraband cannot be deemed legitimate, . . . governmental conduct that only reveals the possession of contraband compromises no legitimate privacy interest." *Id.* (internal quotations omitted). "The legitimate

3

expectation that information about perfectly lawful activity will remain private is categorically distinguishable from [a person's] hopes or expectations concerning the nondetection of contraband." *Id.* at 410. Because the drug-detecting dog disclosed only the presence of illegal narcotics, we find that the dog sniff did not violate Makell's legitimate expectation of privacy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

*AFFIRMED*

4